**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| JUAN DELGADO, | ) Case No. CV 20-8332-PA (JPR) |
| Petitioner, | ) |
| | ) ORDER SUMMARILY DISMISSING HABEAS |
| v. | ) PETITION |
| WARDEN, | ) |
| Respondent. | ) |

On September 10, 2020, Petitioner filed an untitled document that appeared to challenge one or more criminal convictions from a decade or so ago. Because the "Petition" was not submitted on either the national form appended to the Habeas Rules or the habeas form approved and supplied by the Central District of California, see R. 2(d), Rs. Governing § 2254 Cases in U.S. Dist. Cts. (authorizing district court to require by local rule that habeas petitions be filed in form prescribed by rule); see also C.D. Cal. R. 83-16.1, the Magistrate Judge on September 17 dismissed the Petition with leave to amend. She instructed Petitioner to file an amended petition on the required form, which she directed the Clerk to provide to him, no later than

October 17 and warned him that if he did not his Petition could be dismissed for failure to prosecute. To date he has neither filed an amended petition nor requested more time to do so.

Courts may dismiss lawsuits that are not diligently prosecuted. Link v. Wabash R.R., 370 U.S. 626, 629-30 (1962); Carey v. King, 856 F.2d 1439, 1441 (9th Cir. 1988) (per curiam). In determining whether to dismiss a pro se petitioner's action for failure to prosecute, a court must consider (1) the public's interest in expeditious resolution of litigation, (2) the court's need to manage its docket, (3) the risk of prejudice to the defendants, (4) the public policy favoring disposition of cases on their merits, and (5) the availability of less drastic sanctions. Pagtalunan v. Galaza, 291 F.3d 639, 642 (9th Cir. 2002). Unreasonable delay creates a rebuttable presumption of prejudice to the opposing party that can be overcome only with an affirmative showing of just cause by the petitioner. In re Eisen, 31 F.3d 1447, 1452-53 (9th Cir. 1994).

Here, the first, second, third, and fifth factors militate for dismissal. The Court cannot leave hanging on its docket a case without a viable initial pleading. Indeed, because Petitioner did not use the required Central District form, the Court cannot adequately screen the Petition to determine whether its claims have been exhausted in state court or are timely. It's not even clear that he was convicted in this district and thus that the Court has jurisdiction to consider the Petition; he states that he is writing to "every federal court building, District Court's, Circuit Court's, Supreme Court's, and available Department's to look into [his] case." (Pet. at 2.) Further,

Petitioner has not rebutted the presumption of prejudice to Respondent caused by his unreasonable delay.  Finally, there does not appear to be any less drastic sanction the Court can take, as Petitioner has not amended the Petition even after being warned that if he didn't his case might be dismissed.  To the extent the prior dismissal with leave to amend does not constitute a "sanction," see Pagtalunan, 291 F.3d at 643, the Court notes that dismissal without prejudice is a less drastic sanction than with prejudice, which is authorized when a party has failed to diligently prosecute a lawsuit, see id. at 642-43 (affirming dismissal of habeas petition with prejudice for failure to prosecute).  Although the fourth factor weighs against dismissal — as it always does — the other factors together outweigh the public's interest in disposing of the case on its merits.

     Thus, this action is dismissed without prejudice for the reasons stated in the Magistrate Judge's September 17, 2020 Order and under the Court's inherent power to achieve the orderly and expeditious disposition of cases by dismissing them for failure to prosecute.[1]

     LET JUDGMENT BE ENTERED ACCORDINGLY.

DATED: November 16, 2020

_____
PERCY ANDERSON
U.S. DISTRICT JUDGE

Presented by:

_____
Jean Rosenbluth
U.S. Magistrate Judge

---

[1] The Court expresses no view on whether any subsequent habeas petition would be timely or otherwise procedurally proper.